**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>   Plaintiff<br><br>v.<br><br>Donald Parker,<br><br>   Defendant | Case No.: 2:14-cr-00175-JAD-CWH<br><br>**Order Denying Emergency Motion for Compassionate Release and Reduction of Sentence**<br><br>[ECF Nos. 64, 69] |

Defendant Donald Parker moves for an early release from his mandatory 120-month term of imprisonment for possession of child pornography because he is 65 years old and suffers from hypertension and high cholesterol.[1] The government opposes the motion, responding that Parker has not identified extraordinary and compelling reasons for relief and remains a danger to the community.[2] I deny the motion because I do not find that compassionate release is warranted.

**Background**

In 2016, Parker pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2),[3] and he was sentenced to the mandatory statutory minimum sentence of 120 months in custody, plus 15 years of supervised release.[4] The details underlying this offense are particularly egregious. He was found in possession of 2,762 images of pubescent and prepubescent child pornography. And this wasn't Parker's first sex offense—he has a 1994 conviction of two counts of lewdness with a child under 14 years old.

---

[1] ECF No. 64 (motion).
[2] ECF No. 67 (opposition).
[3] ECF No. 53 (plea agreement).
[4] ECF No. 62 (sentencing); 63 (judgment).

At the time he filed this motion, Parker had served just 41 months of that ten-year sentence. He is currently housed at FCI Terminal Island. He is 65 years old and suffers from hypertension and high cholesterol. In a counseled motion, he asks for an order reducing his sentence to time served, allowing him to finish his sentence in home confinement, or granting him compassionate release because (1) his medical conditions put him at greater risk from the COVID-19 virus, (2) he claims he poses minimal risk to the community, and (3) he believes that the 18 US.C. § 3553(a) factors support his release.[5] The government opposes the request. It argues that only the BOP can release a prisoner to home confinement, Parker's medical condition is not an extraordinary and compelling circumstance that warrants release in light of the safety measures BOP has adopted at Terminal Island, and that Parker remains a danger to the community.[6] In reply, Parker seems to abandon all but his compassionate-release request.[7]

## Discussion

A sentencing court's ability to modify or reduce a sentence once it's imposed is seriously limited.[8] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[9] is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[10] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be

---

[5] ECF No. 64.
[6] ECF No. 67.
[7] ECF No. 70.
[8] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).
[9] The First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).
[10] 18 U.S.C. § 3582(c)(1)(A)(i).

"consistent with applicable policy statements issued by the Sentencing Commission."[11] The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[12]

Assuming without deciding that Parker has exhausted the administrative process,[13] I deny his motion on its merits because he has not demonstrated that his compassionate release is warranted. Parker's reasons for wanting release are neither extraordinary nor compelling. Although the COVID-19 pandemic is undeniably grave and its impacts on every aspect of American life are unprecedented, and Terminal Island was one of the first federal prisons to suffer an outbreak, there are currently only six active cases of infected inmates at Terminal Island,[14] the BOP has implemented a detailed COVID-19 response plan for federal inmates, and the reported numbers at Terminal Island suggest that the plan is effective.[15] The fact that Parker has remained virus-free despite the widespread outbreak at Terminal Island in April and May[16]

---

[11] *Id.*

[12] *Id.*

[13] *See* ECF No. 64 at 5 (stating that 30 days have passed since Parker submitted his request to the warden). The government doesn't dispute that Parker has exhausted the administrative process as required to file this motion. *See, e.g.*, ECF No. 67.

[14] The BOP's website is currently reporting five COVID-19 cases in the inmate population at FCI Terminal Island. *See COVID-19: Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited July 15, 2020).

[15] *BOP Implementing Modified Operation*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 2, 2020).

[16] Barr, Luke, *More than 1 out of 3 Tested Federal Inmates Were Positive for Coronavirus*, ABC News, https://abcnews.go.com/Politics/tested-federal-inmates-positive-

further supports that conclusion.  Neither hypertension nor high blood pressure is the type of serious medical condition that the Sentencing Commission has deemed worthy of compassionate release.[17]  The Centers for Disease Control (CDC) has not moved hypertension and high blood pressure from the list of diseases that *may* put people at risk to the list of those that *do* put people at risk of contracting COVID-19.[18]  And while Parker's age generally increases his risk, both of his diagnoses are being managed and he is receiving routine COVID-19 testing—indeed, all of his tests to date have been negative.[19]  So I do not find that Parker has demonstrated extraordinary and compelling reasons for compassionate release.

But even if Parker's medical conditions in prison during this pandemic qualify as extraordinary and compelling reasons for compassionate release, the applicable § 3553(a) factors do not justify a sentence reduction for him.  Parker has served just about a third of his mandatory, statutory ten-year prison sentence.  As that lengthy term suggests, his offense of conviction was a serious one.  Parker admitted in his written plea agreement[20] that when a

---

coronavirus/story?id=71275461 ("70% of 967 tested at Terminal Island . . . came back positive").

[17] *See* U.S.S.G. § 1B1.13, application note 1(A).  The Sentencing Commission finds extraordinary and compelling reasons under the medical-condition category when the defendant has (1) a terminal illness or (2) a physical, mental, functional, or cognitive impairment "that substantially diminishes" her ability "to provide self-care within the environment of a correctional facility and from which . . . he or she is not expected to recover."  *Id*.

[18] *Compare People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions (last visited July 13, 2020) (providing that "people with the following conditions **might be at an increased risk** for severe illness from COVID-19" and listing "Hypertension or high blood pressure" as one such possibility) (emphasis in the original), *with id.* (listing illness for which "[p]eople of any age with the following conditions **are at increased risk** of severe illness from COVID-19") (emphasis in the original).

[19] ECF No. 68 (medical exhibits) (sealed).

[20] ECF No. 53.

4

federal search warrant was executed on the location from which Parker was downloading pornographic images and videos, officers found 437 images and 31 videos (totaling 2,762 images) of child pornography and child erotica.  The images depicted pubescent and prepubescent children.  He also admitted that this was his second offense involving illegal behavior with children.  He was sentenced to a suspended 10-year sentence for that crime, and he served 5 years of probation that included sex-offender counseling—a sentence that, unfortunately, did not deter him from the predatory conduct here.

     I don't overlook the positive information for Parker on the other end of the § 3553(a) spectrum.  He notes that he has completed a cache of classes during his incarceration, like anger management, educational, job-training, and recreational classes.  He has a support system that includes his family members and his friend, Ms. Dora Randolph.  Parker would reside at the motel in Las Vegas where he served his pretrial supervision successfully.  And, upon his release, he could access his veteran, state pension, and social security benefits.  But Parker's previous conviction for lewdness with a child and the extent of child pornography in this case leaves me highly skeptical of his likelihood of compliance this time around.  And his age and medical conditions don't soften my strong belief that a ten-year sentence was—and remains—warranted.

     In sum, the nature and circumstances of the offense on which Parker is currently incarcerated; his history and characteristics; the need for his sentence to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the kinds of sentences available all weigh against releasing him after serving just three and half years of his ten-year sentence.  And with this well-documented history of sexual offenses involving young children, I cannot conclude that Parker would not be a danger to

the community if given a six-and-a-half-year break from his statutory mandatory ten-year sentence.

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Donald Parker's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) and Authorizing Any Remaining Portion of His Sentence to be Served on Home Confinement **[ECF No. 64] is DENIED.**

IT IS FURTHER ORDERED that the Government's unopposed motion to file Parker's medical records under seal **[ECF No. 69] is GRANTED.  The Clerk of Court is directed to maintain the seal on ECF Nos. 65 and 68.**

Dated: July 16, 2020

_____
U.S. District Judge Jennifer A. Dorsey